UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY C. THOMAS,<br><br>    Plaintiff,<br><br>    vs.<br><br>J. LEWIS, *et al.*,<br><br>    Defendants. | 1:16-cv-00524-EPG-PC<br><br>ORDER THAT PLAINTIFF'S FIRST AMENDED COMPLAINT STATES A COGNIZABLE CLAIM AND THAT THE ACTION PROCEED ON PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIM AS FOR JOHN DOE DEFENDANT<br><br>(ECF. NO. 12)<br><br>ORDER THAT ALL OTHER CLAIMS AND DEFENDANTS ARE DISMISSED<br><br>ORDER REQUIRING IDENTIFICATION OF DOE DEFENDANT WITHIN 90 DAYS |

Johnny C. Thomas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his initial complaint on April 14, 2016. (ECF No. 1).  On October 6, 2016, this Court issued a screening order pursuant to 28 U.S.C. § 1915A and found that it states a cognizable claim against defendant John Doe, unknown surgeon at KVSP, for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF No. 13.)  The Court also found that Plaintiff failed to sate any other cognizable claims. (*Id.*)

\\\

Plaintiff was granted leave to file an amended complaint or notify the Court that he is willing to proceed only on the claims found cognizable by the Court, subject to an order that the non-cognizable claims be dismissed from the action. (*Id.*)   On October 31, 2016, Plaintiff filed a notice informing the Court that he is willing to proceed only on the cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against the John Doe Defendant.  (ECF No. 14.)

Plaintiff also notified the Court that although he believes he may have learned of the name of the John Doe defendant, he needs additional time to confirm the name. (*Id.*) Accordingly, service of the First Amended Complaint is not appropriate at this time because the John Doe defendant has not yet been identified.

The Court will allow Plaintiff sixty (90) days to identify the John Doe defendant.[1]  In order to identify the John Doe defendant, Plaintiff has leave to request issuance of any third party subpoenas, including on the California Department of Corrections and Rehabilitation ("CDCR").

To issue a subpoena on the CDCR, or any other third-parties, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court.   If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshal Service.  Fed. R. Civ. P. 45; 28 U.S.C. 1915(d).

Once the John Doe defendant is identified, Plaintiff shall file a Second Amended Complaint that substitutes the name of the John Doe defendant with the name of the actual defendant.  <u>Failure to follow these instructions with result in dismissal of this case</u>.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action proceeds only against the John Doe defendant, unknown surgeon at KVSP, on Plaintiff's deliberate indifference to serious medical needs claim;
2. All remaining claims and Defendants be dismissed from this action; and

---

[1] If Plaintiff is unable to identify the John Doe defendant within 90 days despite diligent efforts, Plaintiff may file a motion for extension of time requesting additional time for good cause.

3. Plaintiff shall file a Second Amended Complaint within 90 days that replaces the name of the John Doe defendant with the name of the actual defendant.

4. Plaintiff has leave to conduct discovery, including requesting third party subpoenas, to ascertain the identity of the John Doe defendant.

5. Failure to file an amended complaint identifying the John Doe defendant within 90 days will result in dismissal of this case without prejudice.

IT IS SO ORDERED.

Dated: **November 2, 2016**         /s/ Erica P. Grosjean
                               UNITED STATES MAGISTRATE JUDGE