UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY C. THOMAS,<br><br>       Plaintiff,<br><br>    vs.<br><br>J. LEWIS, *et al.*,<br><br>       Defendants. | 1:16-cv-00524-EPG-PC<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENA DUCES TECUM UPON KVSP BY THE UNITED STATES MARSHAL WITHOUT PREPAYMENT OF COSTS<br><br>(ECF. NO. 16) |

      Johnny C. Thomas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his initial complaint on April 14, 2016.  (ECF No. 1).  On November 1, 2016, the Court issued an order finding that Plaintiff stated a cognizable claim for deliberate indifference to serious medical needs against a "John Doe" Defendant, an unknown surgeon at Kern Valley State Prison ("KVSP") who removed a cyst from Plaintiff's mouth.  (ECF No. 15.)  The Court also found that service of the First Amended Complaint was not yet appropriate because the John Doe defendant has not yet been identified.  (*Id.*)  Therefore, the Court granted Plaintiff ninety days to identify the John Doe defendant and stated that Plaintiff may request leave issuance of any

1 | third party subpoenas, including on the California Department of Corrections and Rehabilitation ("CDCR"). (*Id.*)

On November 21, 2016, Plaintiff filed a "Declaration In Support of Request for Subpoena *Duces Tecum*," in which he requests issuance of a subpoena upon the CDCR "to obtain defendant John Doe's real name." (ECF No. 16.)  In support of the request, Plaintiff has attached an informed consent form dated April 8, 2015 that does not clearly indicate the surgeon's name and other supporting evidence demonstrating that Plaintiff has unsuccessfully attempted to use internal procedures to obtain the name of the John Doe Defendant. (*Id.*)

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense  and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

Here, Plaintiff is seeking information that will allow him find the identity of the John Doe Defendant who performed an oral surgery on Plaintiff on April 8, 2015 at KVSP in order to remove a cyst from the lower lip of his mouth.  This information is relevant and proportional to the needs of the case.  Thus, the Court shall grant Plaintiff's request.

Although Plaintiff has proposed language to identify the John Doe, the Court will approve a more limited document request as follows:

Documents or electronically stored information, as defined in Rule 34 of the Federal Rules of Civil Procedure, identifying the full name of the dentist and/or oral surgeon who performed a procedure on or around April 8, 2015 at Kern Valley State Prison to remove a cyst from the mouth of inmate Johnny C. Thomas (#G-07361).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for the issuance of a subpoena, filed November 21, 2016, is GRANTED;

2. The Clerk of the Court shall forward the following documents to the United States Marshals Service:

   a. One (1) completed and issued subpoena *duces tecum* to be served upon:

      > Kern Valley State Prison (5101)
      > Attn: Litigation Coordinator
      > 3000 W Cecil Ave
      > Delano, CA 93215

   b. One (1) completed USM-285 form; and

   c. Two (2) copies of this order, one to accompany the subpoena and one for the Marshals Service.

3. Within TWENTY (20) DAYS from the date of this order, the Marshals Service is DIRECTED to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure.

4. The Marshals Service is DIRECTED to retain a copy of the subpoena in its file for future use.

5. The Marshals Service SHALL effect personal service of the subpoena, along with a copy of this order, upon the entity named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

\\\
\\\
\\\
\\\
\\\

6. Within TEN (10) DAYS after personal service is effected, the Marshals Service SHALL file the return of service, along with the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form.

IT IS SO ORDERED.

Dated: __**December 7, 2016**__          /s/ *Erica P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE