UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY C. THOMAS,<br><br>            Plaintiff,<br><br>   v.<br><br>MARK KUO,<br><br>            Defendant. | Case No. 1:16-cv-00524-DAD-EPG (PC)<br><br>ORDER DIRECTING DEFENDANT TO PROVIDE ADDITIONAL INFORMATION REGARDING DEFENDANT'S RESPONSES TO PLAINTIFF'S MAY 22, 2018, REQUEST NUMBER 3<br><br>(ECF No. 84, 96) |

On December 5, 2018, Plaintiff filed a motion seeking an order holding Defendant in contempt for failing to comply with the Court's October 3, 2018, order compelling Defendant to respond to Plaintiff's discovery requests. (ECF Nos. 77, 84.)

After reviewing Plaintiff's motion for contempt, the Court determined it needed additional information from Defendant in order to address the motion. Therefore, on May 31, 2019, the Court issued the following minute order directing Defendant to provide the Court with additional information:

> On October 3, 2018, the Court entered an order granting Plaintiff's motion to compel discovery. (ECF No. 72 .) In this order, the Court directed Defendant to respond to Plaintiff's discovery requests served on Defendant on April 30, 2018, and May 22, 2018. Plaintiff subsequently filed a motion to hold Defendant in contempt of court based on Defendant's responses to those discovery requests. (ECF No. 84 .) The Court requires additional information from Defendant in order to resolve the motion. Specifically, Plaintiff's May 22, 2018, Requests Number 3 and Number 4 relate to certain Dental Treatment Orders, and documents related to the Dental Authorization Review Committee. Due to Defendant's objections and

somewhat ambiguous responses, the Court cannot determine whether Defendant truly searched for all responsive documents to the entire request as drafted, and whether Defendant is certain no responsive documents exist. In order to resolve the motion, the Court thus directs Defendant to file, no later than June 14, 2018, a statement indicating whether Defendant or the CDCR have any responsive documents to the requests as drafted by Plaintiff, without any limitation. If no such documents exist, Defendant shall indicate what search was performed to locate such documents. (The Court notes that Plaintiff's administrative appeal records refer to the Dental Authorization Review Committee ("DAR") and the DAR's approval of Plaintiff's treatment (ECF No. 71 at 38)).

(ECF No. 96.)

On June 14, 2019, Defendant filed his response to the Court's May 31, 2019, order. (ECF No. 99.) However, in that response, Defendant only addressed his response to Plaintiff's May 22, 2018, Request Number 4; Defendant failed to provide any information regarding his response to Plaintiff's May 22, 2018, Request Number 3. (*See id.*)

Defendant's response does not comply with the Court's May 31, 2019, order. It also gives the Court even greater concern that Defendant has failed to comply with the Court's October 3, 2018, order requiring Defendant to provide, within thirty days, responses to Plaintiff's discovery requests, including the May 22, 2018, Request Number 3.

Out of an abundance of caution, the Court will provide Defendant with one more opportunity to provide the Court with additional information regarding his response to Plaintiff's May 22, 2018, Request Number 3.

Plaintiff shall file, **no later than July 8, 2019**, a statement indicating whether Defendant or the CDCR have any responsive documents to Plaintiff's May 22, 2018, Request Number 3, as drafted by Plaintiff, without any limitation, and specifically in relation to the Dental Authorization Review Committee ("DAR") records, including records for the period April 8, 2015, to December 1, 2016, regarding orders for Plaintiff to receive corrective dental treatments. If no such documents exist, Defendant shall indicate what search was performed to locate such documents.

IT IS SO ORDERED.

Dated: **July 1, 2019**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE