|   |   |
|---|---|
| JOHNNY C. THOMAS,<br><br>              Plaintiff,<br><br>       v.<br><br>MARK KUO,<br><br>              Defendant. | Case No. 1:16-cv-00524-DAD-EPG (PC)<br><br>ORDER DENYING MOTION TO HOLD DEFENDANT IN CONTEMPT<br><br>(ECF No. 84) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff, Johnny C. Thomas, is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for an order holding Defendant, Mark Kuo, in contempt. (ECF No. 84.)

In an order entered on October 3, 2018, the Court granted Plaintiff's motions to reopen discovery and to compel discovery. (ECF No. 72.) The Court ordered Defendant to serve his responses to Plaintiff's First Request for Production of Documents, dated April 30, 2018, and Plaintiff's Second Request for Production of Documents, dated May 22, 2018, along with responsive documents, if any, within thirty days of entry of the Court's order. (*See id.*)

On December 5, 2018, Plaintiff filed his motion seeking to hold Defendant in contempt for failing to adequately respond to Plaintiff's discovery requests, as ordered by the Court. After determining that there was insufficient information in the record to determine whether Defendant should be held in contempt, the Court directed Defendant to provide the Court with supplemental information regarding its responses to Plaintiff's discovery requests. (ECF No. 96.) Defendant

provided some supplemental information but did not fully comply with the Court order requiring supplemental information. (ECF Nos. 99, 105.) The Court therefore issued a second order requiring Defendant to provide supplemental information. (ECF No. 105.) After Defendant responded to this second order, the Court provided Plaintiff with an opportunity to file a reply regarding Defendant's supplemental information. (ECF No. 110).

Plaintiff filed his reply on July 22, 2019. (ECF No. 114.) In his reply, Plaintiff contended that there was additional information responsive to the discovery requests that Defendant had not yet provided to him. (ECF No. 114.) The Court subsequently held a hearing at which the parties were provided the opportunity to provide the Court with argument regarding Plaintiff's motion for contempt. (ECF No. 124.)

As discussed during the contempt hearing, Defendant did not provide Plaintiff with documents responsive to the discovery requests at issue until well after (six weeks after) the deadline set by the Court in the order compelling Defendant to provide the discovery, and only after Plaintiff filed the motion for contempt. In addition, during the hearing, Plaintiff indicated his continuing belief that there were documents responsive to his discovery requests that Defendant still had not disclosed. The Court therefore directed Defendant "to conduct an additional search for any dental records, including Dental Authorization Review Committee records, regarding Plaintiff that would have been available on a computer at the Dual Vocational Institution that discuss the need or reason for further dental treatment for Plaintiff following the dental surgery at issue in this case." (ECF No. 124.) The Court took the motion for contempt under advisement pending the filing by Defendant of a notice that he had complied with the Court's order requiring the additional search. (*Id.*) Defendant has now filed his notice of compliance. (ECF No. 128.)

As discussed during the contempt hearing, the Court is concerned with the manner in which Defendant responded to Plaintiff's discovery requests, and the timing of those responses—six weeks *after* the deadline imposed by the Court and *after* Plaintiff filed a motion seeking to hold Defendant in contempt. Although Defendant provided an explanation for the timing of his responses, the timing of the responses combined with what has appeared to be resistance by Defendant to provide Plaintiff with certain discovery raises concern. However, for the reasons

stated on the record during the contempt hearing, and based on the supplemental search and information provided by Defendant, the Court finds that Defendant has sufficiently demonstrated that he has provided the available information responsive to Plaintiff's discovery requests and that the delay was not due to any bad faith.

Thus, for the reasons discussed in this order and on the record,

**IT IS ORDERED** that Plaintiff's motion for an order holding Defendant in contempt (ECF No. 84) is DENIED.

IT IS SO ORDERED.

Dated: **August 27, 2019**

/s/ Eric P. Grosj

UNITED STATES MAGISTRATE JUDGE