UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY C. THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> MARK KUO, <br><br> Defendants. | Case No. 1:16-cv-00524-DAD-EPG (PC) <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF WITNESSES <br><br> (ECF No. 93) |

Plaintiff, Johnny C. Thomas, is a state prisoner proceeding *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for the Attendance of Incarcerated Witnesses, seeking the attendance of incarcerated witness Hiram Summers, CDCR #K610052. (ECF No. 93.) Defendant opposed Plaintiff's motion, arguing that the proposed testimony from this incarcerated witness is inadmissible hearsay. (ECF No. 95.)

At the time Plaintiff filed the motion, he was proceeding in this action *pro se*. Since then, in October 2019, the Court appointed pro bono counsel to represent Plaintiff for trial, currently set for May 5, 2020. (ECF Nos. 146, 147.) In light of the appointment of counsel to represent Plaintiff, the Court directed the parties to submit supplemental briefing regarding the

1

motion. (ECF No. 150.) The parties have now filed their supplemental briefing. (ECF Nos. 152, 153.)

For the reasons described below, the Court will grant the motion.

**I. DISCUSSION**

The court has discretion on whether to issue a writ of habeas corpus ad testificandum. *See Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994); *Cummings v. Adams*, 2006 WL 449095, at *3 (E.D. Cal. Feb. 17, 2006) ("The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court.").

In determining whether to issue a writ to bring a state prisoner to federal court, a Court should conduct a cost-benefit analysis, considering the following factors: (1) whether the inmate's presence will substantially further the resolution of the case; (2) the security risks presented by the inmate's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted. *See Cummings*, 2006 WL 449095, at *3*; *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

Here, Plaintiff seeks the attendance of incarcerated witness Hiram Summers. Plaintiff represents that Mr. Summers is willing to voluntarily testify and sets forth the proposed testimony of Mr. Summers as follows:

> Inmate Hiram Summers has actual knowledge of relevant facts, in that he has actual first-hand as an ear-witness to the relevant facts. Inmate Summers did on May 17, 2018 hear dental assistant Cynthia Nolan inform Plaintiff that the Dental Department of CDCR does not allow the use of silver nitrate stick on the inmates when they perform any kind of dental procedures. Which is a relevant matter of fact, because [Plaintiff] was inquiring from prison dental medical staff the use of silver nitrate stick during oral surgeries on inmates.

(ECF No. 93.)

In supplemental briefing, Plaintiff confirms that he still requests the attendance of this witness, and Defendant confirms that he still objects to the attendance of this witness.

The Court has considered the parties' positions regarding this witness and has conducted a cost-benefit analysis regarding this witness. The Court finds the testimony of

Mr. Summers to be relevant as it relates specifically to the key issue in this case—the availability and use of silver nitrate during oral surgeries—and corroborates Plaintiff's position regarding the use of silver nitrate during his oral surgery.

Defendant argues that the proposed testimony is hearsay, does not fall within any exception to the hearsay rule, and is therefore inadmissible. (ECF Nos. 95, 152.) In supplemental briefing, Plaintiff argues that the testimony is not excluded as hearsay because it is not offered for the truth of what the statement contains but is instead offered to show that the statement by dental assistant Cynthia Nolan was made while she was acting in the scope of her employment, during the course of rendering dental care to Plaintiff, and to demonstrate Plaintiff's state of mind and his conduct after he heard the statement. (ECF No. 153.)

The Court is not ruling on the admissibility of Ms. Nolan's testimony. That is a matter that will be determined by the trial judge. Nonetheless, the Court notes that Plaintiff appears to be seeking to admit the testimony regarding Ms. Nolan's statement for the truth of the matter asserted in that statement, and that the statement is therefore hearsay. *See* Fed. R. Evid. 801. Based on the limited information available to the Court, it also appears that Ms. Nolan's statement may, however, be admissible as a statement that "is made for—and is reasonably pertinent to—medical diagnosis or treatment" or as a statement that "describes medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4). The Court has insufficient facts regarding the context of this statement to make a determination on its admissibility under this exception to the hearsay rule, and notes that such a determination will ultimately be made by the trial judge and not the undersigned.

The Court finds that Plaintiff has sufficiently demonstrated that Mr. Summers' presence at trial will substantially further resolution of the case. While his testimony may be excluded by the trial court, Plaintiff has made a colorable argument why it would be admitted.

After conducting a cost-benefit analysis, the Court finds that Mr. Summers should come to Court. Again, the Court is only determining that Mr. Summers should be brought to Court to testify because his testimony is sufficiently relevant to warrant the cost. The Court is not precluding objections to his testimony, which will be addressed either through motions *in*

*limine* or at trial.

## II. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for the attendance of witnesses (ECF No. 93) is GRANTED.

Approximately one month before the trial the Court will issue writs of habeas corpus ad testificandum to have Mr. Hiram Summers brought to the court to testify at the trial.

IT IS SO ORDERED.

Dated: __**January 30, 2020**__   /s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE