1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   JOHNNY C. THOMAS,                    No.  1:16-cv-00524-ADA-EPG (PC)

12              Plaintiff,                ORDER DENYING PLAINTIFF'S
                                          APPLICATION FOR A WRIT OF HABEAS
13       v.                               CORPUS AD TESTIFICANDUM

14   MARK KUO,                            (ECF No. 198)

15              Defendant.

16

17        On March 29, 2023, Plaintiff filed an application for a writ of habeas corpus ad

18   testificandum, seeking to secure the attendance of Hiram Summers as a Plaintiff witness at trial.

19   (ECF No. 198.)  According to the application, Mr. Summers is "a necessary and material witness"

20   in the trial.  (*Id.* at 1.)  Trial is set to begin on April 11, 2023.  (*See* ECF No. 190.)

21   **I.      LEGAL STANDARD**

22        The following factors generally govern the determination of whether to issue a writ of

23   habeas corpus ad testificandum directing the production of an inmate witness for trial: (1) whether

24   the prisoner's presence will substantially further the resolution of the case; (2) security risks

25   presented by the prisoner's presence; (3) the expense of the prisoner's transportation and

26   safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice

27   to the cause asserted.  *See Wiggins v. Cnty. of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).  The

28   Court may impose a deadline to submit to the Court a list of proposed witnesses for writs of habeas

1  corpus ad testificandum.  *See Carpenter v. Sullivan*, No. 1:07-cv-00114-SAB (PC), 2014 WL

2  411110, at *4 (E.D. Cal. Feb. 3, 2014).

3  **II.      DISCUSSION**

4          On January 31, 2020, the Court granted Plaintiff's motion for the attendance of incarcerated

5  witnesses and informed the parties that it would issue a writ of habeas corpus ad testificandum to

6  have Mr. Summers brought to testify at the trial.  (ECF No. 154.)  However, the Court was unable

7  to locate the witness with the CDCR number provided.  (ECF No. 181 at 2.)  Therefore, the Court,

8  on September 12, 2022, set a deadline for Plaintiff to provide updated information on Mr. Summers

9  or a notice stating that a writ of habeas corpus ad testificandum is not necessary to secure the

10  witness's attendance at trial.  (*Id.*)  The Court provided Plaintiff fourteen (14) days to notify the

11  Court.  (*Id.*)  Plaintiff did not provide any notice.  (*See* docket.)  Trial begins in twelve (12) days of

12  service of this order.  (*See* ECF No. 190.)  Given the untimely nature of Plaintiff's application and

13  what appears to be Plaintiff's failure to follow court orders, the Court denies Plaintiff's untimely

14  application.

15  **III.     CONCLUSION**

16          Accordingly,

17  1.  Plaintiff's application for a writ of habeas corpus ad testificandum, (ECF No. 198), is denied

18       with prejudice.

19

20

21  IT IS SO ORDERED.

22   Dated:    April 5, 2023

23                                                        UNITED STATES DISTRICT JUDGE

24

25

26

27

28

2